[Crim. No. 2912. Second Appellate District, Division Two.—November 14, 1936.]

THE PEOPLE, Respondent, v. LOUIS BANKS, Appellant.

David Blonder and Carl Katleman for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—The defendant was charged with the crime of negligent homicide in violation of section 500 of the Vehicle Code, a felony, in that the defendant did operate an automobile "in a negligent and unlawful manner" resulting in injuries causing the death within one year of Lem Fong. At a former trial the jurors were unable to agree upon a verdict and a mistrial was declared. At a second trial the jury found the defendant guilty, and this appeal is from a judgment of conviction and an order denying a new trial.

The defendant was not charged with having caused the injuries "in the commission of an unlawful act not amounting to a felony". Nevertheless, the trial court gave an instruction to the effect that it was not necessary to find that the injuries were caused by the driving of the automobile in a negligent manner but that it was sufficient if the jurors found the injuries were caused in the commission of an unlawful act not amounting to a felony. The same instruction was condemned in the case of *People* v. *Okada*, 14 Cal. App. (2d) 660 [58 Pac. (2d) 967], decided by this court on June 18, 1936. During its deliberation on the case, the jury asked the court for additional instructions on this very point, and the court emphasized and reiterated its instruction to the effect that it was sufficient if the jurors found the injuries were caused in the commission of an unlawful act not amounting to a felony.

The instruction was erroneous and prejudicial to defendant's rights and a reversal of the judgment is inescapable under the authority of *People* v. *Okada, supra*. There are other contentions with regard to the instructions which it is not necessary for us to consider. They will not arise upon a retrial of the case.

Judgment and order reversed.

Wood, J., concurred.